## UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

ERICA MERRITT DE
GLOPPER,

     Plaintiff,

v.                                          Case No.  4:25-cv-485-MW-MJF

RICHARD SHAY, *et al.*,

     Defendants.

                          /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, attempts to assert Fourth-Amendment and Fourteenth-Amendment claims against Defendants. After the undersigned informed Plaintiff that her first amended complaint was a "shotgun" pleading, Plaintiff filed a second amended complaint. Doc. 8. Because Plaintiff failed to comply with a court order, and because Plaintiff's second amended complaint violates the Local Rules and also is an impermissible "shotgun" pleading, the District Court should dismiss this civil action.

### BACKGROUND

**A.**    **The Undersigned Struck Plaintiff's Initial Complaint**

Page 1 of 9

On November 24, 2025, Plaintiff—on behalf of herself and two companies in which she claims ownership—initiated this civil action by filing a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Doc. 1. Because Plaintiff purported to represent parties other than herself as a *pro se* litigant, the undersigned struck Plaintiff's complaint and ordered Plaintiff to replead. Doc. 4.

**B.    Plaintiff Filed a First Amended Complaint**

On January 14, 2026, Plaintiff filed a first amended complaint. Doc. 5. Plaintiff asserted claims under the Fourth, Eighth and Fourteenth Amendments. Doc. 5 at 3. Plaintiff, however, failed to utilize the court-approved form for civil right actions in violation of Local Rule 5.7(A). Furthermore, Plaintiff violated the federal pleading standard set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure, and as a result, her complaint was a so-called "shotgun" pleading.

**C.    The Undersigned Ordered Plaintiff to Amend her Complaint**

Because Plaintiff's first amended complaint violated Local Rule 5.7(A) and Rules 8 and 10 of the Federal Rules of Civil Procedure, on April 15, 2026, the undersigned ordered Plaintiff to file a second amended complaint. Doc. 7. The undersigned instructed Plaintiff to use the court-

approved civil rights complaint form for her second amended complaint. *Id.* at 3, 11, 12. Additionally, the undersigned explained that the second amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The undersigned also reminded Plaintiff that her second amended complaint must not contain irrelevant, vague, or conclusory factual allegations. *Id.* at 4.

**D.    Plaintiff Filed a Second Amended Complaint**

On May 6, 2026, Plaintiff filed a second amended complaint. Doc. 8. In her second amended complaint, Plaintiff appears to be suing five defendants—Richard Manes Dickstein, Michael J. Niles, Gwen Marshall Knight, Richard Shay, and an entity called "Richard Shay Trust UTD 11/08/2024." Doc. 8 at 2–3. Plaintiff attempts to assert the following claims:

- a Fourth-Amendment claim against Marshall, Dickstein, Niles, and Shay; and

- a Fourteenth-Amendment claim against Marshall, Dickstein, Niles, and Shay.

*Id.* at 10. Plaintiff's second amended complaint is not on the court-approved form. It also includes multiple paragraphs replete with vague and irrelevant factual allegations. Plaintiff also does not specify which

factual allegations pertain to the particular claims that she asserts. Thus, Plaintiff's second amended complaint violates the undersigned's order of April 15, 2026. *See* Doc. 7.

## DISCUSSION

### A.   <u>Plaintiff Violated a Court Order and Local Rule 5.7(A)</u>

The District Court should dismiss this civil action because Plaintiff failed to comply with a court order and her second amended complaint violates Local Rule 5.7(A).

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order" and the Local Rules. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); *McNair v. Johnson,* 143 F.4th 1301, 1308 (11th Cir. 2025) ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules."); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

Rule 5.7(A) of the Local Rules for the Northern District of Florida requires a *pro se* litigants bringing suit under § 1983 to use the court's

standardized civil-rights complaint form. *See* N.D. Fla. Loc. R. 5.7(A). On April 15, 2026, the undersigned notified Plaintiff that her first amended complaint violated Local Rule 5.7(A) insofar as it was not on the court-approved form. Doc. 7 at 2–3. The undersigned advised Plaintiff that, if she elected to file a second amended complaint, she must use the court-approved form. *Id.*

Plaintiff violated Local Rule 5.7(A) and the undersigned's order of April 15, 2026, insofar as her second amended complaint is not on the form approved for use in the Northern District of Florida. Because Plaintiff violated the Local Rules and a court order, and because "[t]he Court need not—and ordinarily will not—consider a . . . complaint that is not filed on the proper form," the District Court should dismiss this civil action pursuant to its inherent authority to manage its docket and enforce the local rules. N.D. Fla. Loc. R. 5.7(A).

## B.   Plaintiff's Second Amended Complaint is a "Shotgun" Pleading That Violates the Federal Rules of Civil Procedure

There is a second, independent reason the District Court should dismiss this civil action: Plaintiff's second amended complaint constitutes an impermissible "shotgun" pleading that violates the Federal Rules of Civil Procedure.

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly" so the opposing party and the court can discern the nature of the plaintiff's claims. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "A so-called 'shotgun pleading' is a complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019).

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). A district court that receives a shotgun pleading must *sua sponte* give a plaintiff "one chance to remedy such deficiencies." *Id*. But once a *pro se* litigant has been given that opportunity to remedy the

deficiencies and squanders the opportunity by filing another shotgun pleading, the district court has the authority to dismiss the complaint on shotgun pleading grounds. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *see also Foudy*, 845 F.3d at 1126 ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.") (citations omitted).

Plaintiff's second amended complaint violates the Federal Rules of Civil Procedure and is a "shotgun" pleading because it is "replete with vague, conclusory, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. For example, in one paragraph, Plaintiff states:

> On March 4, 2022, I was to be receiving congratulations for my and Erik Gellman's University of Chicago Press 2020 book, TROUBLEMAKERS: Chicago Freedom Struggles through the Lens of Art Shay, which won the League's 2022 Outstanding Book on the History of Chicago Award.

Doc. 8 at 7 ¶ 20. In yet another paragraph, Plaintiff states:

> At 8:21 am on April 12, 2022, I officially dismissed my Florida Attorney Robert Churchhill, with more pressing matters in the Lake County Illinois Case where Motions were filed March 4, 2022. Chruchhill suggested I check myself into a mental hospital.

*Id.* at 8 ¶ 25 (errors in original). In still another paragraph, Plaintiff states:

> March of 2023, after a crucial Lake County Illinois hearing where the Florida ASAP Intellectual Property assets were not appraised, a friend brought me to a Madison Emergency Room for suicidal ideation.

*Id.* at 8 ¶ 31.

It is unclear to the undersigned—and likely would be unclear to Defendants—how these allegations relate to Plaintiff's claims or to which of Plaintiff's claims these allegations relate. That makes Plaintiff's second amended complaint a quintessential "shotgun" complaint. *See Cramer v. Florida*, 117 F.3d 1258, 1261 (11th Cir. 1997) (concluding that a complaint was a "shotgun pleading" when it was "so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count").

The undersigned provided Plaintiff with an opportunity to file an amended complaint that complied with the Local Rules and the Federal Rules of Civil Procedure. Doc. 7. Plaintiff failed to comply with the

undersigned's order and instead filed another impermissible "shotgun" pleading. Doc. 8. For this reason, too, the District Court should dismiss this civil action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1.   **DISMISS** this civil action; and

2.   **DIRECT** the clerk of the court to terminate all pending motions and close the case file.

At Pensacola, Florida this 12th day of May 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**